STATE OF LOUISIANA      *      NO. 2023-KA-0576

VERSUS      *

TYRANCE CHANCELLOR      *      COURT OF APPEAL

     FOURTH CIRCUIT

     * 

     STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 531-116, SECTION "I"
Honorable Raymond C. Bigelow, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins, Judge
Rachael D. Johnson)

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

     COUNSEL FOR DEFENDANT/APPELLANT


Jason Rogers Williams
DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

Brad Scott
Chief of Appeals
Orleans Parish Assistant District Attorney
619 S. White Street
New Orleans, LA 70119

Thomas Frederick
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119-5045

COUNSEL FOR STATE/APPELLEE

**VACATED AND REMANDED**
**February 26, 2024**

RDJ
SCJ
DNA

Appellant Tyrance Chancellor ("Defendant") appeals his conviction of felony manslaughter and eighty-year sentence. Defendant argues that this Court must vacate his conviction and remand the matter for a new trial because the eleven-to-one jury verdict was unconstitutional. For the following reasons, we vacate the district court's conviction and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On July 20, 2016, Defendant and J.T.[1] contacted their girlfriends Starkesha Lee ("Ms. Lee") and Asia Thomas ("Ms. Thomas") to meet later that night. Ms. Lee and Ms. Thomas told Defendant and J.T. that they would contact them when they arrived back to Ms. Lee's home in New Orleans. Ms. Lee and Ms. Thomas never contacted Defendant and J.T. about returning to their home. Around one or two a.m., Defendant and J.T. arrived at Ms. Lee's house. Defendant and J.T. knocked on the door and began to throw small pebbles at the upstairs window in an attempt to get their attention. When Defendant and J.T. did not receive a response,

---

[1] Pursuant to the requirements of confidentiality of juvenile proceedings as set forth in La. Ch.C. art. 412, the juvenile, who was fifteen at the time of the charged offenses, is referred to by his initials only, J.T.

1

they forced their way into the apartment by pushing open the front door. J.T. carried a gun and Defendant carried a stick when they entered Ms. Lee's home.

Once Defendant and J.T. reached the top of the stairs, a man named Hasahn Shawl ("Mr. Shawl"), appeared from Ms. Lee's bedroom and confronted them. Mr. Shawl was carrying a gun when he confronted Defendant and J.T. A scuffle ensued between all three men which involved a struggle for possession of one of the guns. Eventually, a gun discharged and killed Mr. Shawl. Defendant proceeded to ask J.T. "why he shot him" and later told Ms. Lee that J.T. "didn't have to shoot the man." After hearing the gunshot, Ms. Lee fled outside and called the police. Prior to the police's arrival, Ms. Lee re-entered her home and found Mr. Shawl's body "at the bottom of the stairs." After the shooting but before the police arrived, Defendant possessed a gun. Soon thereafter, Defendant walked away and when he returned he no longer had a gun.

When New Orleans Police Detective Tindell Murdock ("Det. Murdock") arrived at the scene of the crime, he observed that the front door of the residence was "kicked in" and Mr. Shawl was deceased. Det. Murdock proceeded to take statements from Ms. Lee, Ms. Thomas, and Defendant.[2] After reviewing the statements and the physical evidence present, Det. Murdock secured arrest warrants for Defendant and J.T.

The State ultimately tried Defendant on two charges: Second Degree Murder pursuant to La. R.S. 14:30.1 and Obstruction of Justice pursuant to La. R.S. 14:130.1. On January 30, 2019, the jury returned an eleven-to-one guilty verdict of manslaughter on the second degree murder charge and a not guilty verdict on the

_____

[2] A statement was not taken from J.T. because he was a juvenile.

obstruction of justice charge. On May 23, 2019, the district court determined that the defendant was a second felony offender in light of a 2012 possession of cocaine conviction. This resulted in the Defendant receiving a sentence of "eighty years in the custody of the Department of Corrections without the benefit of probation or suspension of sentence." On March 31, 2021, Defendant filed a pro se post-conviction application ("PCA") seeking an out-of-time appeal. Defendant told his counsel of his desire to appeal but his counsel abandoned him following his sentencing. His counsel did not move for appeal nor did counsel appoint Defendant appellate counsel. Pro bono counsel subsequently enrolled on behalf of Defendant and they filed a supplemental PCA. On March 28, 2023, the district court granted Defendant's PCA, his motion for appeal, and the appointment of appellate counsel.

On appeal, Defendant raised one assignment of error. Defendant argues that the non-unanimous jury verdict convicting him of manslaughter violated his constitutional due process rights under the Sixth and Fourteenth Amendments of the constitution.

**JURISDICTION**

The State does not contest the validity of Defendant's argument, but instead argues that this Court does not have appellate jurisdiction. The State argues that the out-of-time appeal was improperly granted because its initially filed procedural objections were never adjudicated. "If procedural objections are timely filed, no answer on the merits of the claim may be ordered until such objections have been considered and rulings thereon have become final." La. C.Cr.P. art. 927(A). In *State v. Puderer*, the Louisiana Supreme Court vacated the appellate jurisdiction of this Court because the trial court improperly granted an out-of-time appeal when

3

the State initially filed procedural objections that were never adjudicated. 22-0623, p. 25 (La. App. 4 Cir. 3/10/23); 359 So.3d 551, *writ granted, decision vacated,* 23-00624 (La. 11/8/23), *and writ granted, decision vacated,* 23-00494 (La. 11/8/23). The Supreme Court cited Judge Lobrano's dissent as the reason for vacating the out-of-time appeal. Judge Lobrano argued that unless La. C.Cr.P. arts. 930.4(G)[3] and 930.8(D)[4] waivers were effected, then the out-of-time appeal is improperly granted because the State's procedural objections were never adjudicated. *Purderer*, 22-0623, p. 25, 359 So.3d at 570 (Lobrano, J. dissenting).

In the interest of justice and judicial economy, the State filed the waiver necessary to effectuate the waiver provisions La. C.Cr.P. arts. 930.4(G) and 930.8(D) to the district court on November 21, 2023. This Court shall deem these waivers effective in order to support appellate jurisdiction in this case.

## DISCUSSION

Defendant argues that his conviction must be vacated because the jury's non-unanimous guilty verdict of manslaughter violated his constitutional due process rights under the Sixth and Fourteenth Amendments of the United States Constitution. On April 20, 2020, the U.S. Supreme Court in *Ramos v. Louisiana* held that the right to jury trial pursuant to the Sixth Amendment, as incorporated against the States under the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. *Ramos v. Louisiana*, 590 U.S. ___, ___,

---

[3] "Notwithstanding any provision of this Title to the contrary, the state may affirmatively waive any procedural objection pursuant to this Article. Such waiver shall be express and in writing and filed by the state into the district court record." La. C.Cr.P. art. 930.4(G).

[4] "Notwithstanding any provision of this Title to the contrary, the state may affirmatively waive any objection to the timeliness under Paragraph A of this Article of the application for post conviction relief filed by the petitioner. Such waiver shall be express and in writing and filed by the state into the district court record." La. C.Cr.P. art. 930.8(D).

4

140 S. Ct. 1390, 1394-97, 206 L. Ed. 2d 583 (2020). "[I]f the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Id*. at 1397. Any persons whose conviction were pending on direct appeal or not yet final when *Ramos* was decided, will have the holding of *Ramos* applied. *State v. Curry*, 19-01723 (La. 6/3/20), 296 So.3d 1030 (per curiam) (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). Under Louisiana law, a defendant's challenge to his non-unanimous conviction pursuant to *Ramos* is deemed an error patent. *State v. Monroe*, 20-00335 (La. 6/3/20), 296 So.3d 1062. Defendant's conviction was still on direct appeal when *Ramos* was decided. His verdict was a non-unanimous guilty verdict of manslaughter, which violates the *Ramos* unanimous verdict requirement to convict a defendant of a serious offense. *Ramos*, 140 S. Ct. at 1394-97. Accordingly, Defendant's manslaughter conviction and eighty-year sentence is vacated.

## DECREE

For the foregoing reasons, we vacate the Defendant's convictions and the matter is to be remanded for a new trial.

**VACATED AND REMANDED**

5